# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREW DAVID WETZEL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 09-7633** |
| **RODNEY J. STRAIN, JR., ET AL.** | **SECTION: "R" (3)** |

## O R D E R

Plaintiff has filed a "Motion for Order to Appoint Counsel." Rec. Doc. 3. "A district court should appoint counsel in a civil rights case only if presented with *exceptional* circumstances." Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997) (emphasis added). Having considered that fact, as well as the factors set forth in Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982), the Court finds that appointment of counsel is not warranted. Plaintiff's claims are neither factually nor legally complex, and there is no indication that extensive discovery or investigation will be required or that a trial, if one is necessary, will require skills beyond plaintiff's capabilities. Plaintiff is a frequent litigant,[1] and the Court is convinced that he possesses sufficient skills to litigate his claims. Accordingly, plaintiff's motion for appointment of counsel is **DENIED**.

Plaintiff has also filed a "Motion to Certify Class Action." Rec. Doc. 4. Plaintiff has not complied with Local Rule 23.1 regarding the institution of class actions. Moreover, in any event, it is not appropriate to allow *pro se* litigants to serve as class representatives. As the United States Tenth Circuit Court of Appeals has noted:

---

[1] For example, in 2009, plaintiff has filed *thirteen* lawsuits in this Court alone.

> Under Rule 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.

Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation marks and citations omitted); see also Luna v. Kliebert, Civ. Action No. 09-3853, 2009 WL 2175773, at *1 n.1 (E.D. La. Jul. 17, 2009); Sosa v. Strain, Civ. Action No. 06-9040, 2007 WL 1521441, at *7 (E.D. La. May 22, 2007). While plaintiff is obviously pursuing this litigation with tenacity and zeal, those traits "are no substitute for the skill and experience which are needed to prosecute an action on behalf of a class." Mackenzie v. Local 624, International Union of Operating Engineers, 472 F. Supp. 1025, 1033 (N.D. Miss. 1979); see also Luna, 2009 WL 2175773, at *1 n.1; Sosa, 2007 WL 1521441, at *7. Accordingly, plaintiff's motion is **DENIED**.

Plaintiff has also filed a motion for a temporary restraining order and preliminary injunction. Rec. Doc. 5. Despite plaintiff's request for a temporary restraining order, his motion must be construed solely as one for a preliminary injunction because the relief he seeks would extend beyond the ten-day limit of a temporary restraining order. Neal v. Federal Bureau of Prisons, 76 Fed. App'x 543, 545 (5th Cir. 2003).

Under the law of this Circuit, plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that plaintiff will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also

Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985). The movant must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction. See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

The United States Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy," which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites. See, e.g., Cherokee Pump & Equipment Inc. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994). As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." Id.; see also House the Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996).

That extraordinary remedy is not warranted in this case. The Court finds that plaintiff has failed to make a clear showing on any of the four required criteria for a preliminary injunction. Accordingly, his motion for a preliminary injunction is **DENIED**.

New Orleans, Louisiana, this 16th day of December, 2009.

                                      DANIEL E. KNOWLES, III
                             UNITED STATES MAGISTRATE JUDGE